IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RUKHSAR DANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 1:20-cv-01099 (RDA/JFA) |
| | ) |
| ALEJANDRO MAYORKAS, | ) |
| *Secretary of the United States* | ) |
| *Department of Homeland Security, et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendants Alejandro Mayorkas, Merrick Garland, Ur Jaddou, Jedidah Hussey, and Sarah Taylor's (collectively, "Defendants"),[1] Motion to Dismiss and Motion for Summary Judgment (Dkt. Nos. 4; 5). Considering these motions together with their Memorandum in Support (Dkt. 6); Plaintiff Rukhsar Daniel's ("Plaintiff") Opposition to the Motions (Dkt. 10); and Defendants' Reply in further support of the Motions (Dkt. 13), it is hereby ORDERED that Defendants Motion to Dismiss (Dkt. 4) is GRANTED and Defendants' Motion for Summary Judgment (Dkt. 5) is DENIED as MOOT.

I.  BACKGROUND

Plaintiff filed this matter on September 20, 2020, seeking an order compelling the United States Citizenship and Immigration Services ("USCIS") to adjudicate his Form I-589, Application for Asylum and for Withholding of Removal, which he submitted on April 18, 2017. *See generally*

---

[1] Defendants Mayorkas, Garland, and Jaddou are automatically substituted as parties to this action, replacing Defendants Wolf, Wilkinson, and Cuccinelli, respectively. *See* Federal Rule of Civil Procedure 25(d). The Clerk of Court is directed to amend the docket accordingly.

Dkt. 1.  Plaintiff's Complaint specifically seeks an order compelling Defendants to adjudicate his asylum application because "[a]lthough approving an application for asylum is within the discretionary power of the agency, adjudicating an application is a non-discretionary act and constitutes an obligation of the Defendants."  *Id*. at 2.  Plaintiff also contends that the Court has subject-matter jurisdiction under 28 U.S.C. § 1331 by way of his allegations that he is entitled to relief under the Mandamus Act, 28 U.S.C. § 1361, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA").  *Id*. at 3-4.

Defendants filed the instant Motion to Dismiss on December 14, 2020.  Dkt. 4.  In support of the motion, Defendants argue that the INA's jurisdiction-stripping provision, 8 U.S.C. § 1252(a)(2)(B)(ii), precludes this Court's review of the case entirely.  Dkt. 6 at 2.  Defendants also argue that even if the INA's jurisdiction-stripping provision did not preclude review, Plaintiff cannot seek relief under the Mandamus Act because Defendants have "no clear statutory duty to complete [an] adjudication within Plaintiff's desired timetable."  *Id*.  For similar reasons, Defendants argue that the APA cannot provide the basis for subject-matter jurisdiction because Plaintiff is requesting the Court review how the USCIS manages its resources, which is a discretionary agency function.  *Id*.

Plaintiff responds by arguing that the jurisdiction-stripping provision of the INA should be interpreted using the "well-settled presumption favoring interpretation of statutes that allow for judicial review of administrative action," and that the pace of USCIS's asylum adjudications is not committed to the agency's discretion.  Dkt. 10 at 3-4.  Plaintiff also argues that he may seek relief under the Mandamus Act and the APA, disputing Defendants' contention that the adjudication he seeks to compel is a discretionary agency action.  *Id*. at 7-9.

2

II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal when the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). A district court must dismiss an action over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). "It is the responsibility of the complainant[s] clearly to allege facts demonstrating that [they] [ ] [are] [ ] proper part[ies] to invoke judicial resolution of the dispute and the exercise of the court's remedial powers." *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id*. However, conclusory statements and legal conclusions in a complaint are not entitled to a presumption of truth. *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). Alternatively, and as Defendants do here, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *See Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)); *White v. CMA Contr. Co.*, 947 F. Supp. 231, 233 (E.D. Va. 1996). In such a case, the trial court's "very power to hear the case" is at issue. *Mortensen*, 549 F.2d at 891. Significantly, "[n]o presumptive truthfulness attaches to

3

the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. at 891.

### III.   ANALYSIS

The threshold issue before the Court is whether the jurisdiction-stripping provision of the INA precludes review of this matter.  8 U.S.C. § 1252(a)(2)(B)(ii) provides, in relevant part:

> Notwithstanding any other provision of law (statutory or nonstatutory),…and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security **the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security**, other than the granting of relief under section 1158(a) of this title.

(emphasis added).

Defendants maintain that § 1252(a)(2)(B)(ii)'s application to discretionary decisions "under this subchapter" include the pace at which the agency adjudicates asylum applications under 8 U.S.C. § 1158, *et seq*.  Importantly, however, Defendants do not dispute that the *merits* of an asylum decision—specifically the denial of an asylum application—is not subject to § 1252(a)(2)(B)(ii)'s jurisdiction bar.  Dkt. 6 at 14.

Plaintiff responds by arguing that the § 1252(a)(2)(B)(ii) does not apply because the pace at which USCIS adjudicates asylum applications is not specified as "discretionary" anywhere in the asylum application's statutory regime. Dkt. 10 at 4.  Plaintiff also argues that the jurisdictional bar cannot apply because the failure to adjudicate an application is not a "decision or action" within the meaning of the § 1252(a)(2)(B)(ii).  Citing Black's Law Dictionary (7th ed. 1999), Plaintiff argues that because "action" means the "process of doing something" or "a thing done," it cannot mean "inaction." *Id*. at 5-6.

4

Several recent cases have decisively held that the pace at which the Secretary adjudicates asylum actions is subject to § 1252(a)(2)(B)(ii)'s jurisdictional bar and cannot be reviewed in court. *Yasin v. Mayorkas, et al.*, 1:20-cv-1461, Dkt. 12 (E.D. Va. Apr. 27, 2021) (Ellis, J.); *Tawadros v. Gaynor, et al.*, 1:20-cv-1353, Dkt. 20 (E.D. Va. Mar. 29, 2021) (Hilton, J.); *Yahya v. Barr, et al.*, 1:20-cv-1150, 2021 WL 798873, at *2 (E.D. Va. Jan. 19, 2021) (O'Grady, J.). In each of those cases, much like here, an asylum applicant filed suit under the APA and the Mandamus Act, seeking to compel the USCIS to issue a decision on the application. *Yasin*, 20-cv-1461, Dkt. 12 at 1; *Tawadros*, 20-cv-1353, Dkt. 20 at 1; *Yahya v. Barr*, 2021 WL 798873, at *1. And in each case, this court concluded that it did not have subject-matter jurisdiction over the suit because § 1252(a)(2)(B)(ii) precluded the court's review of discretionary agency decisions, including "the pace at which the process proceeds." *Yahya*, 2021 WL 798873, at *2; *Yasin*, 20-cv-1461, Dkt. 12 at 2 ("Because the pace and timing of asylum adjudications is left to the discretion of the Attorney General, under § 1252(a)(2)(B)(ii) courts do not have jurisdiction to hear challenges to the Attorney General's discretionary decisions regarding the pace of asylum adjudications."); *Tawadros*, 20-cv-1353, Dkt. 20 at 2 ("The procedures employed by USCIS to adjudicate asylum applications is a discretionary authority").

The Court finds these recent decisions well-reasoned and persuasive. Even if the asylum application's statutory regime does not expressly dictate that the pace of adjudications is "discretionary," 8 U.S.C. § 1158, *et seq.*, it is apparent that USCIS enjoys broad discretion regarding how swiftly such decisions are made. *See Polfliet v. Cuccinelli*, 955 F.3d 377, 381-82 (recognizing that § 1252(a)(2)(B)(ii) bars juridical review of decisions specified to be discretionary, but that the applicable statute "need not literally contain the word 'discretion' in order to 'specify' discretion"). Indeed, it is well established that agencies enjoy broad discretion

5

over the deployment of their own resources, particularly with regard to processing asylum applications. In *Blanco de Belbruno v. Ashcroft*, 362 F.3d 272 (4th Cir. 2004), the Fourth Circuit specifically recognized that:

> The Attorney General is charged with balancing the need for adequate protections for asylum seekers against a backlog of tens of thousands of cases that leave many asylum seekers in limbo. The agency operates in an environment of limited resources, and how it allocates those resources to address the burden of increasing claims is a calculation that courts should be loath to second guess.

*Id*. at 279.

The Court therefore concludes that § 1252(a)(2)(B)(ii) precludes the Court's review of this matter and that Defendants' Motion to Dismiss should be granted on that basis alone. Although not necessary to the Court's conclusion, the Court also observes that even if 8 U.S.C. § 1252(a)(2)(B)(ii) did not preclude the Court's review of this matter, neither the APA nor the Mandamus Act gives the Court the power to compel agencies to perform discretionary functions, including the pace at which asylum applications are adjudicated. While the APA creates a limited cause of action for agency actions unlawfully withheld or unreasonably delayed under 5 U.S.C. §706(1), the APA expressly excludes "discretionary" agency actions from its purview. 5 U.S.C. § 701(a)(2). Nor does the APA grant subject-matter jurisdiction on courts to review agency actions. *Califano v. Sanders*, 430 U.S. 99, 105-06 (1977). Likewise, even if the Mandamus Act could override the jurisdiction-stripping provision in § 1252(a)(2)(B)(ii), Plaintiff has no right to the relief sought because Defendants' duty to adjudicate asylum applications at a pace desired by Plaintiff is discretionary.

IV.     CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendants' Motion to Dismiss (Dkt. 4) is GRANTED and Defendants' Motion for Summary Judgment (Dkt. 5) is DENIED as MOOT. The Clerk is also directed to substitute Alejandro Mayorkas, Merrick Garland, and Ur Jaddou as Defendants to this action consistent with Federal Rule of Civil Procedure 25(d).[2] This case is hereby DISMISSED.

It is SO ORDERED.

Alexandria, Virginia
September 23, 2021

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[2] *See supra* footnote 1.